UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

OWEN HARTY, Individually,                    :
                                             :
      Plaintiff,                          :
                                             :
v.                                           :   Case No.
                                             :
GLENOLDEN REALTY PARTNERS, L.P., A           :
Pennsylvania Limited Partnership,            :
                                             :
      Defendant.                          :
_____         :

## COMPLAINT
(Injunctive And Other Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, hereby sues Defendant, GLENOLDEN REALTY PARTNERS, L.P., A Pennsylvania Limited Partnership, for Injunctive and other Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is paralyzed from the waist down and is bound to ambulate in a wheelchair. Plaintiff travels frequently to the Philadelphia metropolitan area to visit his niece, attend gun shows, and maintain his business and client contacts.

2. Defendant's property, Pep Boys, 20 N. MacDade Blvd., Glenolden, PA 19036, is located in the County of Delaware.

3. Venue is properly located in the EASTERN DISTRICT OF PENNSYLVANIA because venue lies in the judicial district of the property situs. Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq. See also* 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public. Plaintiff is also a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7.  Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns, operates, leases or leases to is known as Pep Boys, 20 N. MacDade Blvd., Glenolden, PA 19036.

8.  Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to visit Pep Boys not only to avail himself of the goods and services available at the property, but also to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.  Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 *et seq.*

10. Defendant has discriminated, and is continuing to discriminate, against Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Pep Boys has shown that violations exist. These violations include, but are not limited to:

3

A. Defendant fails to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

B. Defendant fails to maintain its features to ensure that they are readily accessible and usable by the disabled.

C. There is a lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with no accessible route to service area or restrooms. Defendant's failure to provide a compliant accessible route connecting all essential elements of the facilities makes it difficult, unsafe and/or impossible for Plaintiff to access the goods and services offered at the restaurant.

D. There is an insufficient number of compliant parking spaces and access aisles, with missing access aisles and signs too low. The lack of compliant parking makes it difficult, unsafe and/or impossible for Plaintiff to locate accessible parking, transfer from his vehicle to his wheelchair and access the restaurant.

E. Restrooms are completely inaccessible because they are blocked by stairs. The non-compliant, violative and inaccessible features in the public restrooms make it difficult or impossible for Plaintiff to use the restrooms for their intended purpose.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of Defendant's ADA violations. Plaintiff requires an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of Defendant's buildings and its facilities, and have otherwise been

4

discriminated against and damaged by Defendant because of Defendant's ADA violations, as set forth above.  Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, Plaintiff requires an inspection of Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR 36.302 *et seq*.  Furthermore, Defendant continues to discriminate against Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys"s fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a).  In the alternative, if there has been an

alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402. Finally, if Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter Pep Boys to make those facilities readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facility until such time as Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

b.  The Court issue all remedies available under 42 U.S.C. Sections 12188 and 2000a-3(a) including but not limited to preventive relief, permanent or temporary injunction, restraining order, or other order, as the Court deems just and proper.

c.  The Court issue injunctive relief against Defendant, including an Order

(i)  requiring the Defendant to make all readily achievable alterations to the Property and to the facility operated thereon so that the Property and such facility are made readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

(ii)  requiring the Defendant to make reasonable modifications in policies, practices or procedures as are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities;

(iii)  requiring the Defendant to take such steps as are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; and

(iv) prohibiting the Defendant from perpetuating any acts and practices which result in the exclusion, denial of service to or discriminatory treatment of individuals with disabilities.

c.  An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of

the Americans with Disabilities Act.

Respectfully Submitted,

THOMAS B. BACON, P.A.

By: _____

John F. Ward, Esquire (I.D. No. 81350)
200 Country Club Rd.
Royersford, PA 19468
Phone:  610-952-0219
Fax:  954-237-1990
johnfward@gmail.com

Date:  April 24, 2017

8